UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN VERNON FIELDS,

                Petitioner-Appellant,

    v.

RENEE BAKER, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

                Respondents-Appellees.

No.    20-17342

D.C. No.
3:16-cv-00298-MMD-CLB
District of Nevada,
Reno

ORDER

Before:  NGUYEN and KOH, Circuit Judges, and BOUGH,[*] District Judge.

The memorandum disposition filed on December 13, 2022 is hereby amended by the memorandum disposition filed concurrently with this order.  With the memorandum disposition so amended, the panel has voted to deny the petition for panel rehearing.  Judge Nguyen and Judge Koh have voted to deny the petition for rehearing en banc, and Judge Bough has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc, **Dkt. 46**,

---

[*] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

are DENIED.  No further petitions for rehearing will be accepted.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN VERNON FIELDS,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>RENEE BAKER, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>        Respondents-Appellees. | No.   20-17342<br><br>D.C. No.<br>3:16-cv-00298-MMD-CLB<br><br>AMENDED<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted December 9, 2022[**]
San Francisco, California

Before: NGUYEN and KOH, Circuit Judges, and BOUGH,[***] District Judge.

John Fields ("Fields") appeals the denial of his 28 U.S.C. § 2254 petition for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

a writ of habeas corpus. Fields was convicted of first-degree murder with use of a deadly weapon and conspiracy in Nevada state court. On direct appeal to the Nevada Supreme Court, Fields challenged the admission of bad act evidence during his trial. Here, he argues that his direct appeal counsel provided ineffective assistance of counsel ("IAC") because his counsel submitted the trial record but failed to submit trial exhibits and a recording related to the bad act evidence. The Nevada Supreme Court on post-conviction review held that Fields failed to show prejudice. We affirm the district court's denial of Fields's petition.

Assuming without deciding that Fields's appellate counsel's performance was deficient, Fields has failed to show that he was prejudiced. *See Creech v. Richardson*, 59 F.4th 372, 384 (9th Cir. 2023) (acknowledging that a panel need not reach the performance prong if an IAC claim may be disposed of on prejudice).

1.      Fields argues that the Nevada Supreme Court's post-conviction decision is not entitled to deference under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). He argues that the Nevada Supreme Court applied a higher prejudice standard than required by *Strickland v. Washington*, 466 U.S. 668 (1984), and that the Nevada Supreme Court unreasonably determined that Fields and his wife, Linda Fields ("Linda"), were not similarly situated.

First, the Nevada Supreme Court's post-conviction decision is not contrary to clearly established law. The court stated the correct standard: "[P]etitioner must

2

demonstrate . . . that the omitted issue would have had a reasonable probability of success on appeal." It also cited a Nevada case that adopted the *Strickland* standard. The court further stated that "Fields does not explain how the outcome of his claim would have been different" and "Fields fails to demonstrate that the result of his appeal would have been different." Although Fields argues that these statements are evidence that the court applied a higher standard, the statements are at worst ambiguous. This ambiguity is not enough to overcome AEDPA deference because "it is possible to read the state court's decision in a way that comports with clearly established federal law." *Mann v. Ryan*, 828 F.3d 1143, 1157 (9th Cir. 2016) (en banc).

Second, the Nevada Supreme Court's determination that Fields and Linda were not similarly situated is not objectively unreasonable. *See Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019). Fields argues that his and Linda's trials used very similar witnesses and evidence, and Linda raised the same challenge to the bad act evidence in her direct appeal and was successful. However, the Nevada Supreme Court's conclusion is supported by the record. The court correctly stated that Fields was charged with conspiracy and Linda was not. Furthermore, the prosecution at Fields's trial presented different theories of the case than the prosecution at Linda's trial. At Linda's trial, the prosecution argued that Linda killed the victim for money or because he molested Linda's grandson, and the bad

act evidence was inconsistent with the latter theory. At Fields's trial, the prosecution focused on Fields's financial motive, a theory with which the bad act evidence was consistent.

2. Fields has failed to prove the prejudice prong of *Strickland* under the highly deferential standard of AEDPA. *See Creech*, 59 F.4th at 385. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Fairminded jurists could disagree about whether the inclusion of the trial exhibits and recording would have changed the outcome of Fields's direct appeal. Fields argues that reviewing the trial exhibits and hearing the recording would have led the Nevada Supreme Court to conclude that the bad act evidence was more prejudicial than probative. However, Fields's direct appeal counsel submitted transcripts of the trial, which included the trial court's summary of the recording and a witness's summary and discussion of the missing trial exhibits. The Nevada Supreme Court acknowledged that this was sufficient for it to review Fields's claim. The court also acknowledged that any risk of unfair prejudice from the bad act evidence was mitigated by the trial court's limiting instruction and the fact that the prosecution made minimal use of the bad act evidence.

4

In addition, the Nevada Supreme Court concluded that "there was sufficient proof, independent of the [bad act] evidence, to convict Fields." For example, Fields's brother-in-law overheard Fields ask Linda, "What if they found out we dumped the body?" Fields's brother-in-law also testified that Linda's daughter told him that the Fieldses were arguing with the victim about money on the night before the victim disappeared. Another witness testified that the Fieldses suggested running the victim over and pushing him into the river. A third witness testified that Fields did not intend to tell the police that his truck's haul capacity was consistent with the police theory of the murder. Finally, a handwriting expert testified that it was "probable" that Fields wrote the victim's will. Fields's defense at trial was that he was unaware of Linda's murder scheme. A reasonable jurist could have found this evidence sufficient to undercut Fields's defense without relying on the bad act evidence.

Fairminded jurists could disagree about whether the trial exhibits and recording would have led the Nevada Supreme Court to reverse Fields's conviction based on a finding that the probative value of the bad act evidence was substantially outweighed by the danger of unfair prejudice. Therefore, the court's post-conviction conclusion that Fields was not prejudiced by his attorney's performance precludes federal habeas relief. *See Harrington*, 562 U.S. at 102.

**AFFIRMED.**